# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

TRAVIS TAYLOR, on behalf of himself :
and all others similarly situated, :
:
    Plaintiffs, :
:
v. :
:   CASE NO.: 1:15-CV-156 (LAG)
WHITE OAK PASTURES, INC., :   CASE NO.: 1:20-CV-60 (LAG)
:
    Defendant. :
:

## ORDER

Before the Court are the Parties' Renewed Joint Motion for Approval of FLSA Settlement (Motion) regarding two actions: *Taylor v. White Oak Pastures, Inc.* (*Taylor*), No. 1:15-cv-156 (M.D. Ga. 2015) and *Allen, et al. v. White Oak Pastures, Inc.* (*Allen*), No. 1:20-cv-60 (M.D. Ga. 2020). *Taylor*, No. 1:15-cv-156 at (Doc. 103). For the reasons explained below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Travis Taylor, on behalf of himself and all others similarly situated, initiated the *Taylor* action on September 23, 2015. *Id.* at (Doc. 1). During the period relevant to the Complaint, Plaintiff and those similarly situated worked in an abattoir on Defendant White Oak Pasture, Inc.'s farm—White Oak Pastures—where they slaughtered, cut, and grounded cattle into packaged meat for eventual shipment. (*Id.* ¶¶ 13–17.) Plaintiff Taylor alleged that Defendant willfully failed to pay him and those similarly situated overtime premiums in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* (*Id.* ¶¶ 1, 27.) On February 4, 2016, Plaintiff Taylor filed a Motion for Conditional Certification of Collective Action and Issuance of Court-approved Notice in the *Taylor* action. *Id.* at (Doc. 17). The Court denied the motion for conditional certification on September 27, 2016. *Id.* at (Doc. 23). On October 28, 2016, Plaintiff Taylor filed a

Renewed Motion for Conditional Certification of Collective Action and Issuance of Court-approved Notice. *Id.* at (Doc. 27). On April 20, 2017, the Court granted the motion to certify and conditionally certified a class of plaintiffs who:

> (1) are or were employed by Defendant White Oak Pastures, Inc. from April __ 2014 [three years prior to the mailing date of the notice] to April ___ 2017 [the mailing date]; (2) worked in the Red Meat Abattoir or in support of the Red Meat Abattoir, specifically on the kill floor, in the cut room, in the grinding room, in order fulfillment, or on the loading docks of the Red Meat Abattoir; (3) were paid an hourly rate; and (4) worked more than forty hours in a work week without being paid overtime compensation.

*Id.* at (Doc. 30 at 8).[1] Approximately forty employees filed opt-in notices to be part of the class. *See id.* at (Doc. 84 at 12). After the opt-in period ended on November 3, 2017, Plaintiff Taylor filed a Second Amended Complaint, listing Terry Barrows and Layton Ferrell Duke as named Plaintiffs. *Id.* at (Doc. 55).

On February 14, 2019, Defendant filed motions for decertification and summary judgment. *Id.* at (Docs. 71, 77). Plaintiffs filed a Motion for Partial Summary Judgment that same day. *Id.* at (Doc. 72). On March 27, 2020, the Court granted Defendant's motion for decertification but denied both motions for summary judgment. *Id.* at (Doc. 97). On April 6, 2020, Plaintiff Paul Allen and several other Plaintiffs filed a separate Complaint against Defendant under the FLSA to recover proper overtime pay, initiating the *Allen* action. No. 1:20-cv-60 at (Doc. 1). All *Allen* Plaintiffs originally opted-into the class action initiated in *Taylor*, and the *Allen* Complaint is based on similar facts as the *Taylor* Complaint. *See Taylor*, No. 1:15-cv-156 at (Doc. 1); *Allen*, No. 1:20-cv-60 at (Doc. 1); *see generally Taylor*, No. 1:15-cv-156 at (Docket). There are thirty-four Plaintiffs total in the *Taylor* and *Allen* actions. *Taylor*, No. 1:15-cv-156 at (Doc. 103 at 6).

On July 2, 2020, the Parties filed a Joint Motion to Stay Proceeding in both actions so they could finalize a settlement. *Allen*, No. 1:20-cv-60 at (Doc. 7 ¶¶ 6–7); *Taylor*, No.

---

[1] For purposes of summary judgment, the Court construed the relevant employment period to be from April 1, 2014 to April 1, 2017. *Taylor*, No. 1:15-cv-156 (Doc. 97 at 1 n.1).

1:15-cv-156 at (Doc. 101 ¶¶ 7–8). The Court stayed both cases on October 16, 2020. *Taylor*, No. 1:15-cv-156 at (Doc. 102); *Allen*, No. 1:20-cv-60 at (Doc. 12). On November 3, 2020, the Parties for both actions filed a Joint Motion for Consolidation and Approval of FLSA Settlement in *Taylor*. No. 1:15-cv-156 at (Doc. 103). On January 20, 2021, the Court consolidated the Allen and Taylor actions for purposes of the settlement but rejected the proposed settlement agreement because, while otherwise appropriate, the proposed agreement contained a pervasive release. (Doc. 104 at 4, 8.) The Court ordered the Parties to submit a revised proposed settlement agreement in full within twenty-one days. (*Id.* at 9.) On February 5, 2021, the Parties filed the present Motion, including a revised proposed settlement agreement.[2] (Doc. 105.) The Motion is ripe for review. *See* M.D. Ga. L.R. 7.

## DISCUSSION

Before approving an FLSA settlement, the Court must review the proposed agreement to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304 (11th Cir. 2013) (holding that the *Lynn's Food Stores* requirement of judicial approval of proposed FLSA settlement agreements also applies to settlements between former employees and employers). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354. Because the Court previously found that there was a bona fide dispute and that the proposed financial settlement represented a fair and reasonable compromise of Plaintiffs' claims, it only reviews whether the Parties' proposed release represents a fair and reasonable compromise.

"[A]n employer is not entitled to use a FLSA claim . . . to leverage a release from liability unconnected to the FLSA." *Webb v. CVS Caremark Corp.*, No. 5:11-CV-106 (CAR), 2011 WL 6743284, at *3 (M.D. Ga. Dec. 23, 2011) (quoting *Moreno v. Regions*

---

[2] The Court previously considered—and approved as fair and reasonable—the Parties' proposed attorney's fees. (Doc. 104 at 8–9.) As those terms have not changed, the Court need not consider them in the instant Motion.

*Bank*, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Such blanket releases are disfavored because plaintiffs must essentially release innumerable claims of unknown value for a settlement of a single FLSA claim. In its prior motion, the Parties' release provision was impermissibly broad, requiring Plaintiffs to release undefined claims unrelated to the instant FLSA action. (*See* Doc. 103-1 ¶¶ 11–12; Doc. 104 at 8.) The Parties have since narrowed the scope of the release provision to FLSA claims relating to wages or overtime hours that could have been brought at the time of the execution of the Limited Release. (Doc. 105 at 3; Doc. 105-1 ¶¶ 20–21.) Specifically, Plaintiffs release only claims

> from all manner of actions or causes of actions, suits, proceedings (whether civil, administrative or otherwise), debts, sums of money, accounts, controversies, damages, judgments, executions, liabilities, claims, demands, costs or expenses pertaining to the payment of wages or overtime wages which were, could have been, or could be brought under the Fair Labor Standards Act ("FLSA") as of the date of execution of this Limited Release. Based on this Agreement, Plaintiffs expressly release any claims they have or may have under the FLSA.

(Doc. 105-1 at 24.) The scope of this proposed release provision is reasonable. Accordingly, the Amended Settlement Agreement is a "fair and reasonable resolution of a bona fide dispute . . . ." *Webb*, 2011 WL 6743284, at *3.

## CONCLUSION

In light of the foregoing, the Parties' Motion, *Taylor*, No. 1:15-cv-156 at (Doc. 105), is **GRANTED**, and this case is **DISMISSED with prejudice**.

**SO ORDERED**, this 2nd day of March, 2021.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**

4